UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENRICO RHODES, | ) | Case Nos. 4:05CV2011 |
| | ) | 4:02CR369 |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |

On August 7, 2005, Petitioner, a federal prisoner currently incarcerated at a federal correctional institution in Minersville, Pennsylvania, executed a pro se motion under 28 U.S.C. §2255 in order to vacate, set aside, or correct his sentence. Electronic Court Filing Docket #1 (hereinafter "ECF" to refer to filings in Case Number 4:05CV2011). The motion was filed with the Court on August 17, 2005 and Respondent filed a response in opposition to the motion on December 30, 2005. ECF Dkt #7. The Honorable Judge James S. Gwin referred the instant case to the undersigned for a Report and Recommendation on October 26, 2005. For the following reasons, the undersigned recommends that the Court deny Petitioner's §2255 motion and dismiss the motion with prejudice. ECF Dkt. #1.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On August 28, 2002, a federal grand jury indicted Petitioner on one count of felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). ECF Criminal Dkt. #1 ("ECF Criminal Dkt." to refer to filings in Case Number 4:02CR369). Prior to his trial, Petitioner, with counsel,

stipulated that he had a prior conviction punishable by imprisonment for a term exceeding one year. ECF Criminal Dkt. #28 at 2. Petitioner proceeded to trial and on November 5, 2002, the jury convicted Petitioner of the offense charged in the indictment. ECF Criminal Dkt. #20.

On January 24, 2003, the Court sentenced Petitioner to a term of 86 months of imprisonment followed by a three-year term of supervised release. ECF Criminal Dkt. #s, 22-24. On January 30, 2003, Petitioner, filed a timely appeal. ECF Criminal Dkt. #s 24, 25. On June 23, 2004, the Sixth Circuit Court of Appeals affirmed the lower court's judgment. ECF Criminal Dkt. #34. Petitioner filed a writ of certiorari in the United States Supreme Court on September 9, 2004, but the Court denied the writ on October 18, 2004. ECF Criminal Dkt. #s 35, 36.

On August 7, 2005, Petitioner executed the instant motion pursuant to 28 U.S.C. § 2255, which was filed with this Court on April 17, 2005. ECF Dkt. #1. In this motion, Petitioner raises the following grounds for relief:

> A. **Ground one**: Ineffective assistance of counsel and/or trial court error.
>
> **Supporting FACTS**: Petitioners[sic] Base Offense Level was calculated in error, failure of counsel to object and assert on direct appeal, clear error by sentencing court to sentence Petitioner at improper base level.
>
> B. **Ground two**: Ineffective Counsel
>
> **Supporting FACTS**: Sentencing counsel rendered substandard assistance at sentencing in failing to research guideline applications on Petitioner's criminal history points.
>
> C. **Ground three**: Ineffective counsel on First Right of Appeal.
>
> **Supporting FACTS**: Counsel failed to research guideline isues, where clear errors were present and preserve them for direct review.

*Id.* Petitioner also filed a memorandum in support of his motion. ECF Dkt. #1, Attachment 1.

On December 30, 2005, Respondent filed a response in opposition to Petitioner's §2255

motion. ECF Dkt. #7. On January 19, 2006, Petitioner executed a reply brief that was filed in this Court on January 23, 2006. ECF Dkt. #8.

## II.  LAW AND ANALYSIS

Under 28 U.S.C. §2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Motions brought under §2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See United States v. Davis*, 417 U.S. 333 (1974); *United States v. Cohen*, 593 F.2d 766, 770 (6th Cir. 1979).

28 U.S.C. § 2255 sets forth four grounds upon which federal prisoners may challenge their conviction or sentence:

1. That the sentence was imposed in violation of the Constitution or laws of the United States;

2. That the court was without jurisdiction to impose such sentence;

3. That the sentence was in excess of the maximum authorized by law;

4. That the sentence is otherwise subject to collateral attack.

*United States v. Hill*, 368 U.S. 424. 426-27 (1962); 28 U.S.C. § 2255.

Motions to vacate, set aside, or correct a sentence pursuant to §2255 must be filed in the trial court that sentenced the prisoner. 28 U.S.C. § 2255; *Gregory,* 181 F.3d at 714. In order to prevail on a §2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude existed that had a substantial and injurious effect or influence on the proceedings. *United States v. McNeil*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999), citing *United States v. Watson*, 165 F.3d 486, 488 (6th Cir. 1999)(citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993)). In order to prevail on a §2255 motion alleging non-constitutional error, the

petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)).

### **A**.    **INEFFECTIVE ASSISTANCE OF COUNSEL**

All of Petitioner's grounds for relief concern the alleged ineffective assistance of trial counsel and appellate counsel with regard to sentencing errors that he avers counsel failed to research and present. ECF Dkt. #1 at 5; ECF Dkt. #8. Petitioner also makes allegations that the trial court erred in calculating his sentence. *Id*. After reviewing the proper standards of review, the undersigned shall address each of Petitioner's grounds for relief in turn.

The Sixth Circuit Court of Appeals has held that ineffective assistance of counsel claims are subject to review in the district court when timely raised in a petitioner's § 2255 motion. *Hughes v. United States,* 258 F.3d 453, 457, n. 2 (6th Cir.2001). However, in order to prevail on an ineffective assistance of trial counsel or appellate counsel claim, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984). To warrant reversal of a conviction, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Court scrutiny of defense counsel review must be "highly deferential." *Id*. at 689. Decisions that "might be considered sound trial strategy" do not constitute the ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Trial counsel's tactical decisions are not completely immune from Sixth

Amendment review, but they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984). Moreover, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome. *Coleman v. Mitchell*, 268 F.3d 417, 430 (6th Cir. 2001).

Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996), quoting *Strickland,* 466 U.S. at 691, quoted in *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir.1989), *cert. denied*, 495 U.S. 961 (1990). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992) (en banc), *cert. denied*, 508 U.S. 975 (1993).

### **1**. **FIRST GROUND FOR RELIEF**

In his first ground for relief, Petitioner alleges that his trial counsel was ineffective and the trial court committed error in calculating his Base Offense Level. ECF Dkt. #1 at 5. Petitioner asserts that his Base Offense Level was erroneously calculated at 20 rather than 18 or 14 and unprepared counsel failed to object to this mistaken calculation. ECF Dkt. #1, Attachment 1 at 3-5. Petitioner contends that none of his prior convictions, including driving while under license suspension, obstruction of justice, disorderly conduct, possession of drugs or walk-away escape, meet the criteria of U.S.S.G. §2K2.1(a)(4)(A) as a crime of violence and therefore the prosecution and the Court mistakenly used his prior drug possession conviction to increase his Base Offense Level by two when the proper Base Offense Level pursuant to U.S.S.G. §2K2.1(a)(5) was 18 as he had no prior crimes of violence. *Id.* Petitioner contends that his counsel was concerned only with

blaming him at sentencing and with getting removed from the case. *Id*. at 3.

In the instant case, Judge Gwin indicated in his sentencing entry that he adopted the findings and guidelines application in the Presentence Report (PSR). ECF Criminal Dkt. #22. The PSR indicated that the Base Offense Level for Petitioner should be set at 20 based upon the United States Sentencing Commission Guideline for a violation of 18 U.S.C. §922(g)(1), which was found in U.S.S.G. §2K2.1(a)(4)(A). U.S.S.G. §2K2.1 provides:

(a) Base Offense Level (Apply the Greatest):

    (4) 20, if---

        (A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense; or

        (B) the offense involved a firearm described in 26 U.S.C. §5845(a) or 18 U.S.C. §921(a)(30); and the defendant (i) was a prohibited person at the time the defendant committed the instant offense; or (ii) is convicted under 18 U.S.C. §922(d);

    (5) 18, if the offense involved a firearm described in 26 U.S.C. §5845(a) or 18 U.S.C. §921(a)(3);

    (6) 14, if the defendant (A) was a prohibited person at the time the defendant committed the instant offense; or (B) is convicted under 18 U.S.C. §922(d).

U.S.S.G.§2K2.1(a). The application note to this Guideline indicates that "crime of violence" has the meaning given it in § 4B1.2(a) and Application Note 1 of the Commentary to that section.

Application Note 5 to §2K2.1(a). § 4B1.2(a) defines "crime of violence" as:

    any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

    (1) has as an element the use, attempted use, or threatened use of physical force

-6-

>against the person of another, or
>
>(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Application Notes following this section further outline those crimes considered to be "crimes of violence". Escape is not among the offenses listed in that section or the Application Note.

However, in *United States v. Harris,* 165 F.3d 1062, 1068 (6th Cir.1999), the Sixth Circuit Court of Appeals adopted the reasoning of the Tenth Circuit Court of Appeals in finding that the crime of escape "by its nature, presents a serious potential risk of physical injury and thus constitutes a crime of violence under § 4B1.2." *Id.* (quoting *United States v. Gosling,* 39 F.3d 1140, 1142 (10th Cir.1994)). The Court held that "it was the inherently dangerous nature of the escape, and not the location from which the defendant made the escape, that made it a crime of violence under the Guidelines." *United States v. Jackson,* Nos. 00-6758, 00-6759, 63 Fed.Appx. 839, 843, 2003 WL 1984697 (6th Cir. 2003), citing *United States v. Watts,* No. 99-6366, 2001 WL 345472, *2-*3, 7 Fed.Appx. 526 (6th Cir. March 29, 2001).

The Ohio statute under which Petitioner was convicted of Escape is similar to that in *Harris* as the PSR describing the indictment in Petitioner's case, which reflects Ohio Revised Code §2921.34(A), indicated that Petitioner "did, knowing he was under detention or being reckless in that regard, purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." PSR at 8; Ohio Revised Code §2921.34(A). The statute in *Harris* concerned former Tennessee Code

-7-

Annotated § 39-5-706 which made it a felony for "any person confined in a county workhouse or jail or city jail or municipal detention facility upon any charge of or conviction of a criminal offense constituting a felony [to] escape or attempt to escape therefrom···." *U.S. v. Harris*, 165 F.3d at 1067.

Based upon *Harris*, the undersigned recommends that this Court find that no error was committed in accepting the Base Offense Level of 20 which included the Escape conviction and neither defense counsel nor appellate counsel committed ineffective assistance of counsel in failing to raise the miscalculation of the Base Level Offense at sentencing or on appeal.

For these reasons, the undersigned recommends that the Court reject Petitioner's assertions that his Base Offense Level should be 14 or 18 and find that Petitioner's first ground for relief is without merit.  ECF Dkt. #1. ECF Dkt. #1, Attachment 1 at 7.

### 2. **SECOND GROUND FOR RELIEF**

In this ground for relief, Petitioner contends that his counsel failed to object to the Court's alleged improper calculation of his Criminal History Points.  ECF Dkt. #1; ECF DKt. #1, Attachment 1 at 5-6.  Petitioner makes a number of assertions in contending that counsel was ineffective in objecting to the alleged improper calculations of his Criminal History Points.

#### a. **Escape/Absconding Argument**

Here, Petitioner contends that the adding 2 points to his Criminal History Points for Escape/Absconding was incorrect under U.S.S.G. §4A1.1(b) as it should have been calculated under §4A1.1(c). ECF Dkt. #1, Attachment 1 at 5, 7. Petitioner asserts that in order to add 2 points to his Criminal History for this offense, he had to have been imprisoned for at least 60 days, while he was only imprisoned for a total of 52-54 days.  *Id.* at 6-7.  He asserts that counsel

was ineffective in failing to object to this alleged miscalculation. *Id.*

U.S.S.G. §4A1.1 provides:

> **Criminal History Category**
>
> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> **(a)** Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> **(b)** Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> **(c)** Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.
>
> **(d)** Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
> **(e)** Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.
>
> **(f)** Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. *Provided,* that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

U.S.S.G. § 4A1.1. The Court in this case adopted and relied upon the findings and Guideline Applications as calculated in the PSR where the United States Probation Officer added two points to Petitioner's Criminal History score based upon the Escape/Absconding offense. ECF Criminal Dkt. #22.

The undersigned recommends that the Court find that the Court did not mistakenly rely

-9-

upon this calculation and neither defense counsel nor appellate counsel were ineffective in failing to object to this calculation.  Petitioner is correct that in order to apply the two points in §4A1.1(b), a defendant must have had a prior sentence of imprisonment for at least sixty days.  U.S.S.G. §4A1.1(b).  However, the Application Note to §4A1.1 provides that "[t]he term 'sentence of imprisonment' is defined at §4A1.2(b)."  Application Note to U.S.S.G. §4A1.1.  U.S.S.G. §4A1.2(b) in relevant part defines "sentence of imprisonment" as:

> (1)  The term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed.

U.S.S.G. §4A1.2(b)(1).  Application Note 2 to this section provides in relevant part that:

> For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum..***That is, criminal history points are based on the sentence pronounced, not the length of time actually served***. **See** § 4A1.2(b)(1) and (2).

Application Note 2 to U.S.S.G. § 4A1.2 (emphasis added).

The Summit County Court of Common Pleas sentenced Petitioner to six months of custody on 10/30/2001 for the Escape conviction.  Since six months of imprisonment exceeds the sixty-day requirement of §4A1.1(b), Petitioner's argument is without merit and no mistake was made in assessing these two points.

In the latter part of his memorandum in support of his §2255 motion, Petitioner also asserts that two points were incorrectly added under §4A1.1(e) to which his counsel failed to object as the instant offense occurred more than two years after the Escape offense.  ECF Dkt. #1, Attachment 1 at 7.  Judge Gwin did indeed find that the current offense was committed less

than two years after Petitioner's release from Summit County on the Escape offense and he added two points to Petitioner's Criminal History.  ECF Criminal Dkt. #31 at 6.

The undersigned recommends that the Court find that this contention is without merit. Application Note 5 to §4A1.1 states that the proper date to use in analyzing points under §4A1.1(e) is the date of release from confinement on a sentence under §4A1.1(b).  Application Note 5 to §4A1.1 ("Two points are added if the defendant committed any part of the instant offense (**i.e.,** any relevant conduct) less than two years following release from confinement on a sentence counted under § 4A1.1(a) or (b)").

The indictment in Petitioner's instant criminal case indicates that he committed the offense on or about June 2, 2002.  ECF Criminal Dkt. #1.  According to the PSR, the Summit County Court of Common Pleas sentenced Petitioner on February 14, 2002 to six months of imprisonment on the Escape offense.  While the date is uncertain as to when Petitioner was actually released from the Escape sentence, it is clear that he committed the instant criminal offense less than four months after his sentence on the Escape conviction, which is well within the less than two-year period following release from confinement on the Escape conviction.

### b.      Attempted Possession

In this assertion, Petitioner contends that the Court should have calculated his Attempted Possession conviction under §4A1.1(c) rather than §4A1.1(b) and his trial and appellate counsel were ineffective in failing to raise this alleged miscalculation through objection at sentencing or on appeal.  ECF Dkt. #1, Attachment 1 at 5.

Based upon the prior reasoning and analysis above that criminal history points are based upon the pronounced sentence and not the sentence actually served, the undersigned

-11-

recommends that the Court find that no error was made in this calculation and defense and appellate counsel were therefore not ineffective in failing to raise this issue as error. The Mahoning County Court of Common Pleas sentenced Petitioner to six months of imprisonment on the attempted possession of cocaine conviction on November 19, 1996. PSR at 7. Since this pronounced sentence constituted more than sixty days, two points were properly assessed toward Petitioner's criminal history points.

Accordingly, the Court should find no merit to Petitioner's instant assertion.

### c. **Obstruction of Justice and Attempted Possession**

Petitioner argues in this assertion that the Court committed error in calculating the criminal history points for his convictions for Obstruction of Justice and Attempted Possession as these convictions should be treated as one offense for sentencing as they were consolidated for sentencing in the state court and are related offenses under §4A1.2. ECF Dkt. #1, Attachment 1 at 5-6.

§4A1.2(a)(2) provides that:

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences

U.S.S.G. §4A1.2(a)(2).

Petitioner presents nothing beyond conclusory argument to persuade the undersigned that these offenses should be considered anything less than unrelated. The PSR indicates separate dates of arrest and sentencing for Petitioner's Obstruction of Justice conviction and his

Attempted Possession conviction.  The PSR lists the date of arrest for Petitioner's Obstruction of Justice charge as June 27, 1995, and the date of arrest on the Attempted Possession conviction as November 19, 1996.  PSR at 6-7.  Further, the Mahoning County Court of Common Pleas found Petitioner guilty of Obstruction of Justice on October 21, 1996 and sentenced him to eighteen months of suspended incarceration and found him guilty of Attempted Possession on February 20, 1997 and sentenced him to six months of imprisonment on that conviction.  *Id.*  With these separate dates of arrest and separate dates of sentencing, it appears clear that these were not related crimes that require the treatment as one under §4A1.2(a)(2).

> Further, Application Note 3 to §4A1.2 provides that:
>
>> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense.)  Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

Application Note 3 to §4A1.2.  Thus, even accepting that these offenses were consolidated as Petitioner appears to suggest, his intervening arrests and sentences for Disorderly Conduct and Unauthorized Use of a Motor Vehicle negate a finding that the Obstruction of Justice and Attempted Possession convictions, which were sixteen months apart themselves, are related cases.  On July 21, 1995, Petitioner was arrested for Disorderly Conduct and on August 18, 1995, the Youngstown Municipal Court sentenced Petitioner to 30 days of suspended imprisonment.  PSR at 6.  On October 24, 1995, Petitioner was arrested on the Unauthorized Use of a Motor Vehicle charge and sentenced to 180 days of imprisonment after being found guilty on June 3, 1996.  *Id.*  These intervening arrests also defeat Petitioner's assertion and lead the undersigned to recommend that the Court find that no error was made in this calculation and

-13-

defense counsel and appellate counsel were not ineffective in failing to raise this argument in an objection at sentencing or on appeal.

### d. Criminal History Category

Petitioner also concludes in his memorandum that even if he is correct on only one of the two-point argument that he makes, this would result in a substantially lower sentence because he would be assigned to Criminal History Category V instead of VI, which is 77-96 months at level 22 or 63-78 months at level 20.  ECF Dkt. 1, Attachment 1 at 6.

Since the undersigned recommends that the Court reject all of Petitioner's arguments as without merit and find that no errors were made in calculating his base offense level or criminal history category, this argument is moot.  However, even if accepted, Petitioner's calculation is incorrect.  The Court adopted the PSR, which indicated that Petitioner's Criminal history points totaled 15.  PSR at 8.  With a two-point reduction as advocated by Petitioner, his Criminal History Category would decrease to 13, which still results in a Criminal History Category of VI, not V.  *See* United States Sentencing Guidelines Table, 18 U.S.C. §5, Pt. A.

### e. Perjury

Petitioner last sentencing guideline argument contends that the Court improperly added two criminal history points for Perjury/Obstruction of Justice at trial because he chose to testify.  ECF Dkt. #1, Attachment 1 at 8.  Petitioner contends that the Court made no independent factual findings to support this enhancement and did not allow counsel to rebut the Court's findings as required by *United States v. Parrott*, 148 F.3d 629 (6th Cir. 1998).  Petitioner further asserts that counsel at sentencing could have presented an *Apprendi* or *Booker* argument since Petitioner was not charged with Perjury/Obstruction of Justice and a jury did not return a verdict on such a

count.  ECF Dkt. #1, Attachment 1 at 8.

At sentencing, defense counsel did argue that the Court should not adjust upward for the Obstruction of Justice since Petitioner did take the stand to defend himself and faced rigorous cross-examination in doing so.  ECF Criminal Dkt. #31 at 4.  The Court rejected this argument, indicating that Application Notes 4(b) and 4(f) of U.S.S.G. § 3C1.1 indicate that conduct that the Court should look at includes "committing, suborning, or attempting to suborn perjury" which is the obstruction of justice.  *Id*. at 5.  The Court also quoted Application Note 4(f) which described this conduct as including "providing materially false information to a judge or magistrate."  *Id.*  The Court found that the jury made the determination that Petitioner's testimony was false and more than a preponderance of evidence supported that determination.  *Id*.  He also found that "[e]specially, perhaps the gunshot residue test was perhaps the most difficult to explain according to the testimony he gave."  *Id.*  The Court allowed defense counsel rebuttal opportunity and thereafter denied counsel's objection and found that Petitioner had committed perjury while testifying and he otherwise obstructed justice.  *Id*. at 6.  The Court thus increased Petitioner's base offense level from 20 to 22.  *Id*.

The undersigned recommends that the Court find that Petitioner's arguments relating to *Apprendi* and *Booker* are not applicable in this case.  In *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Supreme Court applied the *Blakely v. Washington,* 542 U.S. 296 (2004*),* reasoning to the United States Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

The undersigned finds that Petitioner's claim based on *Booker* lacks merit because his conviction became final prior to the issuance of the *Booker* decision.[1]  The Sixth Circuit recently held that the rule announced in *Booker* cannot be retroactively applied to cases on collateral review.  *See Humphress v. U.S.*, 398 F.3d 855, 860 (6th Cir. 2005); *see also Edgecombe v. U.S.*, 2006 WL 151895, *2 (W.D. Mich. Jan. 19, 2006) ("The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review.") (citing *Humphress*, 398 F.3d at 860-63).

In *Humphress*, the Sixth Circuit, after noting the general rule that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal," determined that *Booker* does not apply retroactively to cases on collateral review because *Booker* announced a new rule of criminal procedure.[2]  *See also Saunders v. U.S.*, 2005 WL 1668286, *1 (E.D. Tenn. July 18, 2005)  ("As a general rule, a petitioner seeking § 2255 relief may not rely on new rules of criminal procedure announced after her conviction has become final on direct appeal.") (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)).  Because a claim of error under *Booker* cannot be raised in a petition on collateral review where the underlying conviction became final prior to the *Blakely* and *Booker* decisions, the undersigned recommends that the Court find that Petitioner's *Booker* claim lacks merit.

In addition, the *Apprendi* rule is not retroactive and the Court did not sentence Petitioner

---

[1] Here, Petitioner's writ of certiorari to the United States Supreme Court was denied on October 18, 2004.  ECF Criminal Dkt. #35, 36.  *Booker* was decided on January 12, 2005.  *See, e.g., Faison v. U.S.*, 2005 WL 3008576, *1 (E.D. Mich. Nov. 8, 2005) (*Booker* issued on January 12, 2005, and does not apply retroactively on collateral review to cases that were already final on direct review. )

[2] Ten circuit courts of appeals have considered this issue (most recently the Fourth Circuit) and have held that *Booker* does not apply retroactively to cases on collateral review.  *See U.S. v. Morris*, 429 F.3d 65, 66 (4th Cir. 2005) (citing *Humphress*, 398 F.3d 860) (other citations omitted).

-16-

beyond the statutory maximum so that *Apprendi* is not even implicated. *See Goode v. United States*, 305 F.3d 378, 385 (6th Cir. 2002); *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001). Here, Petitioner's maximum sentence for violation of 18 U.S.C. §922(g)(1) was ten years of imprisonment and/or a $250,000.00 fine. PSR at 1. The Court sentenced Petitioner to 86 months, which is less than ten years of imprisonment. Accordingly, *Apprendi* has no application in this case.

For these reasons, the undersigned recommends that the Court find that Petitioner's *Booker* and *Apprendi* arguments have no merit and defense counsel and appellate counsel were therefore not ineffective in failing to object on this basis at sentencing or raise this issue on appeal.

### 3. THIRD GROUND FOR RELIEF

Finally, in his third ground for relief, Petitioner generically argues that he was denied the right to effective assistance of appellate counsel. ECF Dkt. #1, Attachment 1 at 6. Since the undersigned has recommended that the Court find no merit to any of Petitioner's grounds for relief, the undersigned logically further recommends that the Court find that appellate counsel was not ineffective in failing to raise these issues which were lacking in merit. The undersigned therefore recommends that the Court find no merit to Petitioner's third ground for relief.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned finds Petitioner's grounds for relief not well

taken and subsequently recommends that this Court dismiss Petitioner's §2255 motion *with prejudice*.

Dated: May 11, 2006 /s/George J. Limbert
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).