UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ENRICO RHODES,                              :        CASE NO. 4:05-CV-2011
                                            :
        Plaintiff,                  :
                                            :
vs.                                         :        ORDER & OPINION
                                            :        [Resolving Doc. Nos. 1, 9]
UNITED STATES OF AMERICA,                   :
                                            :
        Defendant.                  :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Presently before the Court is Petitioner Enrico Rhodes' August 17, 2005 motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The United States opposes Rhodes' motion. On May 11, 2006, Magistrate Judge Limbert issued a report and recommendation, recommending that this Court dismiss the Petitioner's motion. On May 22, 2006, the Petitioner filed timely objections to the report and recommendation. For the reasons provided below, this Court **ADOPTS** the Magistrate Judge's report and recommendation and **DENIES** the Petitioner's motion to vacate, set aside, or correct his sentence.

## I. BACKGROUND

On June 2, 2002, Youngstown, Ohio police officers responded to a report of gunshots fired from a car near a local tavern. In pursuing the car, the officers observed the Petitioner throw a firearm from the car window. The officers stopped the car and arrested the Petitioner. An additional officer arrived on the scene and retrieved the firearm from a nearby lawn. On November 5, 2002, after a trial before this Court, a jury found the Petitioner guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On January 22, 2003, this Court sentenced the

Case No. 4:05-CV-2011
Gwin, J.

Petitioner to eighty-six months in prison and three years supervised release.[1/] In calculating the sentencing range, this Court assessed a guideline base offense level of twenty and found a total of fifteen criminal history points.[2/] The Petitioner unsuccessfully appealed that conviction to the Sixth Circuit and to the Supreme Court. *U.S. v. Rhodes*, No. 03-3173, 2004 WL 1532548 (6th Cir. June 23, 2004), *cert denied*, 543 U.S. 949 (2004).

On August 17, 2005, the Petitioner filed the current motion generally alleging ineffective assistance of counsel at both the trial and appellate levels and trial court error with regard to sentencing. Specifically, the Petitioner alleges the following three grounds for relief under § 2255:

GROUND ONE: Ineffective assistance of counsel and/or trial court error

Supporting Facts: Petitioners[sic] Base Offense Level was calculated in error, failure of counsel to object and assert on direct appeal, clear error by sentencing court to sentence petitioner at improper base level.

GROUND TWO: Ineffective Counsel

Supporting Facts: Sentencing counsel rendered substandard assistance at sentencing in failing to research guideline applications on Petitioner's criminal history points.

GROUND THREE: Ineffective counsel on First Right of Appeal

Supporting Facts: Counsel failed to research guideline issues, where clear errors were present and preserve them for direct review.

On October 26, 2005, this Court referred the petition to Magistrate Judge George S. Limbert, pursuant to Local Rule 72.1. On May 11, 2006, Magistrate Judge Limbert issued a report and recommendation, recommending that this Court dismiss the Petitioner's motion. The Petitioner

---

[1/] In sentencing the Petitioner, the Court applied the 2002 edition of the federal sentencing guidelines.

[2/] The Court accorded three points for Obstruction of Justice, two each for Unauthorized Use of a Firearm, Attempted Possession of a Controlled Substance, and Escape/Absconding, and one each for Disorderly Conduct, FRA Suspension, Possession of Drugs, Possession of Cocaine, Driving under Suspension, and Drug Abuse.

Case No. 4:05-CV-2011
Gwin, J.

timely objected. This Court reviews the Magistrate Judge's report *de novo*.

## II. LEGAL STANDARD

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violated federal law. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) that the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) that the court was without jurisdiction to impose such sentence;
> 3) that the sentence exceeded the maximum authorized by law; or
> 4) that the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1962); 28 U.S.C. § 2255.

To prevail on a section 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Meanwhile, to prevail on a section 2255 motion alleging non-constitutional error, the movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. ANALYSIS

The Petitioner challenges his sentence on two basic grounds. First, the Petitioner argues that the Court incorrectly calculated the offense level and criminal history points. Second, the Petitioner claims that his counsel's failure to object to these calculations at the Petitioner's sentencing and to

Case No. 4:05-CV-2011
Gwin, J.

raise these issues on appeal amounts to ineffective assistance of counsel in violation of the Sixth Amendment. With his report and recommendation, Magistrate Judge Limbert found that the Court correctly calculated the offense level and criminal history points for the purpose of sentencing. Accordingly, the Magistrate also found that the Petitioner's counsel was not ineffective for failing to object to the Court's calculations. The Court reviews the Petitioner's motion for relief *de novo*.

A. *Offense Level*

At sentencing, the Court set the total offense level at twenty-two, after calculating a base offense level of twenty and adding a two level increase for obstruction of justice. The Petitioner challenges both the base offense level and the two-point enhancement.

1. Base Offense Level

Relying on the presentence investigation report ("PSR") prepared by United States Probation Office, this Court set the Petitioner's base offense level at twenty pursuant to U.S. Sentencing Guideline § 2K2.1(a)(4)(A). Section 2K2.1 prescribes the base offense level for violations of 18 U.S.C. § 922(g)(1). According to § 2K2.1(a)(4)(A), the Court must impose a base offense level of twenty for such a violation, where the defendant has a prior felony conviction for "either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(4)(A) (2002).

In the instant case, the Petitioner claims that he does not have any prior convictions that would qualify him for a base offense level of twenty. In response, the government argues that the Petitioner's past conviction for escape qualifies as a crime of violence. The federal sentencing guidelines define "crime of violence" as:

any offense under federal or state law, punishable by imprisonment for a term

-4-

Case No. 4:05-CV-2011
Gwin, J.

> exceeding one year, that --
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (2002).[3/] While § 4B1.2(a) does not include escape as one of the enumerated examples, the Sixth Circuit has held that escape carries a "serious potential risk of physical injury and thus constitutes a crime of violence under § 4B1.2." *United States v. Harris*, 165 F.3d 1062, 1068 (6th Cir. 1999).

In November 2001, a Summit County, Ohio Grand Jury issued an indictment charging Petitioner Rhodes with one count of escape, a felony of the third degree, in violation of Ohio Rev. Code § 2921.34(A). On February 14, 2002, Rhodes pled guilty to a lesser included fourth degree felony offense of escape and the Summit County Court of Common Pleas sentenced him to a sixth-month term of imprisonment.

The Petitioner now argues that this conviction should not qualify as a violent crime because it was a mere "walk-away" escape and the incident did not involve a violent altercation or result in injury to anyone. According to the Petitioner, *Harris* commands this Court to examine a defendant's actual conduct at the time of his escape to determine whether or not his escape conviction qualified a crime of violence.

To the contrary, the Sixth Circuit in *Harris*, 165 F.3d at 1068, held that the crime of escape is *categorically* a crime of violence, stating as follows:

---

[3/] Application Note 5 of the Commentary to § 2K2.1 provides that as used within that section, "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1of the Commentary to § 4B1.2 (Definitions of Terms Used in Section 4B1.1)."

-5-

Case No. 4:05-CV-2011
Gwin, J.

> the district court was not free to conduct a "broad factual inquiry" into what Mr. Virges actually did in the course of his escape. . . . The approach to be followed by a sentencing court, rather, is "categorical" in nature; it requires the court to base its determination on the statutory definition of the crime.

(internal citations omitted). In holding as such, the Sixth Circuit adopted the Tenth Circuit's reasoning that "[e]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so" and that "even in a case where a defendant escapes from a jail by stealth and injures no one in the process, there is still a serious potential risk that injury will result when officers find the defendant and attempt to place him in custody." *Id.* (quoting *United States v. Gosling*, 39 F.3d 1140, 1142 (10th Cir. 1994)).

The Tennessee escape statute discussed in *Harris* is sufficiently similar to Ohio Rev. Code § 2921.34(A), which states in pertinent part that "[n]o person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period." Accordingly, the Court finds that a violation of that section constitutes a crime of violence under Sentencing Guideline § 4B1.2(a). *See United States v. Barksdale*, No. CR-3-99-0231, 2000 WL 980005, at *1 (S.D. Ohio June 5, 2000) (holding that under *Harris*, a violation of Ohio Rev. Code § 2921.34(A) constitutes a crime of violence).

The Petitioner cites the Seventh, Ninth, and D.C. Circuits in claiming that crimes that can be committed without serious risk of physical injury to another may not be considered crimes of violence under § 4B1.2. *See United States v. Piccolo*, 441 F.3d 1084, 1090 (9th Cir. 2006); *United States v. Thomas*, 333 F.3d 280, 283 (D.C. Cir. 2003); *United States v. Bryant*, 310 F.3d 550, 554

Case No. 4:05-CV-2011
Gwin, J.

(7th Cir. 2002). However, the Petitioner's reliance on *Thomas* and *Bryant* is misplaced: in *Thomas*, the D.C. Circuit declined to rule on whether escape from a halfway house is a crime of violence, and in *Bryant*, the Seventh Circuit affirmed that escape is a crime of violence. Only *Piccolo* truly supports the Petitioner's position, and in order to adopt the Ninth Circuit's reasoning, this Court would have to deviate from binding Sixth Circuit precedent.

Accordingly, the Court finds that it properly calculated the base offense level at twenty. The Sixth Circuit did leave room, in *Harris*, for courts to conclude that a downward departure is warranted in cases where a prior escape conviction results in an increased base offense level, but where the court nonetheless determines that the defendant's behavior falls outside the heartland of the enhancement provision. *See Harris*, 165 F.3d at 1068; *Barksdale*, No. CR-3-99-0231, 2000 WL 980005, at *2. However, such departures are within the sentencing court's discretion and the Court did not err in this case in finding no basis for a downward departure.

2. Two-Point Enhancement for Obstruction of Justice at Trial

After calculating a base offence level of twenty, the Court imposed a two-level enhancement to the for obstruction of justice, pursuant to Sentencing Guideline § 3C1.1, increasing the total offense level to twenty-two.[4] The Court based this enhancement on its finding that the Petitioner committed perjury during trial. The Petitioner contests this enhancement. Relying primarily on *United States v. Dunnigan*, 507 U.S. 87, 97 (1993), and *United States v. Parrott*, 148 F.3d 629, 634-35 (6th Cir. 1998), the Petitioner argues that a trial court may not enhance a sentence for

---

[4] Section 3C1.1 provides that the sentencing court should increase the offense level by two levels "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) or a closely related offense."

-7-

Case No. 4:05-CV-2011
Gwin, J.

perjury without making specific independent factual determinations to support the finding of perjury.[5]

Application Note 4 to § 3C1.1 specifically lists "committing, suborning, or attempting to suborn perjury" as an example of conduct that qualifies as obstruction of justice. U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.4 (2002). Before imposing a two-level enhancement for such conduct, the trial court must (1) identify the particular instances of untruthful testimony on which it bases the enhancement and (2) make an independent factual finding that the defendant committed perjury. *United States v. Smith*, No. 04-3422, 2005 WL 1653440, at *10 (6th Cir. July 12, 2005) (citing *United States v. Sassanelli*, 118 F.3d 495, 500-01 (6th Cir. 1997)). In other words, the court must determine that the defendant did not merely offer false testimony as a result of mistake or confusion. *Id.*

Applying this standard, the Court finds that it fulfilled its obligation at the sentencing hearing. At the sentencing hearing, the Court received arguments from both parties regarding the obstruction of justice enhancement. After considering those arguments, the Court specifically found that the jury determined that Rhodes' testimony was false and that "more than a preponderance of the evidence support[ed] the jury's determination." (Sentencing Tr. at 5.) The Court further found

---

[5] The Petitioner also argues that the two-level increase for obstruction of justice violated *Booker v. United States*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Neither case is applicable here. *Booker* was determined after the Petitioner's sentencing and does not have retroactive effect. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005), cert denied, 126 S.Ct. 199 (2005).
Additionally, *Apprendi*, 530 U.S. at 466, is not implicated in this case because it applies only in situations in which a court sentences a defendant beyond the statutory maximum. The maximum penalty for a violation of 18 U.S.C. § 922(g)(1) was ten years of imprisonment and a $250,000 fine. The Court sentenced the Petitioner to eighty-six months of imprisonment – a term falling approximately three years short of the statutory maximum. *See U.S. v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001) (holding that *Apprendi* did not apply where the court sentenced the defendant to a term of imprisonment below the statutory maximum term).

Case No. 4:05-CV-2011
Gwin, J.

that the evidence of "the gunshot residue test was perhaps the most difficult to explain according to the testimony he gave." (Sentencing Tr. at 5.) Accordingly, the Court did not err in imposing a two-level enhancement for obstruction of justice based on its finding that the Petitioner committed perjury at trial.

*B. Criminal History Points*

At sentencing, the Court calculated the Petitioner's criminal history points and arrived at a total of fifteen, which placed him in criminal history category VI. The Petitioner challenges the Court's application of Sentencing Guideline §§ 4A1.1 and 4A1.2 and argues that, properly calculated, his criminal history points total thirteen.

1. Sentencing Guideline § 4A1.1(b)

In calculating the criminal history points, the Court assessed two points each to Rhodes' prior convictions for escape and attempted possession, pursuant to Sentencing Guideline § 4A1.1(b). Subsection (b) of Sentencing Guideline § 4A1.1 counsels that the court should assess two criminal history points for prior convictions carrying sentences of at least sixty days imprisonment. Subsection (c) assesses one point for any prior offense with a lesser imposed sentence.

Petitioner Rhodes now argues that he should receive only 1 point each for his escape and attempted possession convictions because he served less than sixty days imprisonment on each conviction. However, in determining how many criminal history points to attach to these convictions, the Court looks to the length of the sentence that the court imposed, not to the length of time that the Petitioner actually served. Section 4A1.2(b)(1) specifically notes that "sentence of imprisonment" refers to "the maximum sentence imposed." Additionally, Application Note 2 to § 4A1.2 further clarifies that the criminal history points should be "based on the sentence pronounced,

-9-

Case No. 4:05-CV-2011
Gwin, J.

not the length of time actually served." U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.2 (2002).

Applying this standard, the Court found that the Petitioner received a sixth month sentence for each of the prior escape and attempted possession convictions. Accordingly, the Court correctly assigned two points for each conviction, pursuant to § 4A1.1(b). The fact that the Petitioner did not ultimately serve the full sentence on each charge is irrelevant to the Court's determination of how many criminal history points to assign under § 4A1.1.

2. Sentencing Guideline § 4A1.1(e)

The Petitioner next argues that the Court incorrectly assessed two points pursuant to Sentencing Guideline § 4A1.1(e) because the Petitioner committed the weapon offense more that two years after the escape offense. Section § 4A1.1(e) states that the sentencing court should add 2 criminal history points "if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b)." Thus contrary to the Petitioner's reading of § 4A1.1(e), the Court looks not to the date the Petitioner committed the prior offense, but rather to the date that the Petitioner was released after serving a term of imprisonment on that offense. The Petitioner committed the firearm violation in this case on or about June 2, 2002. Less than five months earlier, on February 12, 2002, he received a sixth month sentence on the escape conviction. Even if, as the petitioner claims, he served only a portion of that sentence, his release nonetheless occurred within months of his subsequent violation of 18 U.S.C. § 922(g)(1). Accordingly, the Court did not err in applying § 4A1.1 to the Petitioner's criminal history calculations..

3. Sentencing Guideline § 4A1.2

Case No. 4:05-CV-2011
Gwin, J.

The Petitioner's final argument regarding his criminal history points is that because his obstruction of justice and attempted possession sentences ran concurrently, the Court should have treated them as related offenses under Sentencing guideline § 4A1.2.[6] Application Note 3 to § 4A1.2 defines "related cases" as follows:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."

U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.3 (2002). Thus, in determining whether to treat the Petitioner's prior sentences for obstruction of justice and attempted possession as related, the Court looks first to the arrest dates for those offenses.

The record indicates that Rhodes was arrested for obstruction of justice on June 27, 1995. On October 21, 1996, the Mahoning County Court of Common Pleas sentenced Rhodes to eighteen months custody on that conviction, but suspended that term of custody and placed Rhodes on three years probation. Approximately one month later, on November 19, 1996, Rhodes was arrested for attempted possession of cocaine. On January 29, 1997, the Mahoning County Court of Common Pleas revoked Rhodes' probation for the obstruction of justice conviction and sentenced him to eighteen months imprisonment. The following month, on February 20, 1997, Rhodes pled guilty to the attempted possession charge and the court sentenced him to six months custody. As the record shows, Rhodes' convictions for obstruction of justice and attempted possession were separated by an intervening arrest. Therefore, this Court was correct to treat the two offenses as

---

[6] Sentencing Guideline § 4A1.2(a)(2) provides that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)."

-11-

Case No. 4:05-CV-2011
Gwin, J.

unrelated for the purpose of assessing Rhodes' criminal history points.

*C. Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, the Petitioner must show both (1) that counsel committed errors so serious as to deprive the Petitioner of the "counsel" guaranteed by the Sixth Amendment, and (2) that the errors were so prejudicial as to render the entire trial unfair and unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the Court holds that the Petitioner's base offense level, criminal history points, and criminal history category were calculated correctly, the Petitioner's trial counsel's decision not to object to the calculations at sentencing was not in error. Similarly, Petitioner's appellate counsel did not err in failing to raise the challenges on appeal. Without first demonstrating error, the Petitioner cannot satisfy the *Strickland* test. Accordingly, the Petitioner's claims of ineffective assistance of counsel are without merit.

## IV. CONCLUSION

For the reasons discussed above, this Court **ADOPTS** Magistrate Judge Limbert's report and recommendation and **DENIES** Petitioner Rhodes' motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. §2253(c).

IT IS SO ORDERED.

Dated: August 2, 2006          s/ *James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE